### HAUSER v. FALK et al.

(Supreme Court, Appellate Term. February 8, 1912.)

CONTRACTS (§ 165*)—EMPLOYMENT OF ARCHITECT—LIABILITY.

Defendants orally represented to plaintiff, an architect, that they desired plans for houses on land they had purchased. An instrument reciting the employment was signed in the name of a corporation not in existence, by one of the defendants. The architect completed plans and obtained the approval of the city departments. Neither defendants nor the corporation ever procured title to the land. *Held*, that defendants, ordering the work done, were liable to the architect, though the instrument must be disregarded, except, possibly, as fixing the rate and time of payment for the services, though the architect obtained the approval of the city departments after he had been informed not to go any further with the plans, and both defendants were liable though only one signed the agreement.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John Hauser against Harry Falk and another. From a judgment for defendant Joseph Falk for costs, and dismissing the complaint as to such defendant without prejudice, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Max Friedman, for appellant.
Joseph A. Seidman, for respondents.

GERARD, J. Plaintiff, an architect, sues on an alleged contract for his services. He testified that defendants called at his office, said that they had purchased a plot, and stated that they wanted plans drawn, containing houses, one room less than shown on a sketch previously prepared by plaintiff for one Jacob; that they said the sketch was all right, with that one change. At that time there was drawn a paper which stated that "We, the undersigned, have engaged John Hauser, architect, to draw the usual plans," etc., being for the same work ordered by the Falks, and was signed, "Hanover Building Company," by Harry Falk, President. Plaintiff testified that he completed the plans and got the approval of the city departments. Neither the Falks nor the Hanover Building Company ever got title to the property; but this, of course, could not deprive plaintiff of his right to compensation. The paper signed "Hanover Building Company" provided for the time and manner and amount of payment to plaintiff; but at the time it was given plaintiff and at the time of his conversation with the Falks there was no such corporation as the Hanover Building Company in existence. Therefore it seems to me that this paper should be disregarded for all purposes, except, possibly, as fixing the rate and time of payment to plaintiff. Plaintiff did not prove the value of his services, relying apparently on this paper for the rate of

his compensation. At the close of plaintiff's case the complaint as to Joseph Falk was dismissed.

If the Falks ordered this work done by plaintiff, and he did the. work, he must recover, in spite of the fact that this paper was signed by a corporation which did not exist at the time. Harry Falk did not become solely liable by reason of the fact that he signed this paper for the nonexistent Hanover Building Company. In his opinion dismissing the complaint as to Joseph Falk the learned court below apparently thought that because title was not taken by the Hanover Building Company or the Falks to the land, and because plaintiff obtained the approval of the tenement house department after he had been told to go no further with the plans, plaintiff could not recover the full amount of the compensation to be paid him according to the paper signed by a corporation which did not exist. I am of opinion that a new trial should be had.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.